IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | |
| | | CASE NO. 4:17-CR-15 (CDL) |
| MARCOS HENDERSON, | * | |
| Defendant. | * | |

O R D E R

Defendant has moved to dismiss Count 3 of the Government's Superseding Information which charges the Defendant with possession of a firearm in furtherance of a crime of violence (Hobbs Act robbery). Defendant argues that Hobbs Act robbery is not a "crime of violence" for purposes of 18 U.S.C. § 924(c)(1)(A)(i), and therefore, this count must be dismissed. For the reasons explained in the remainder of this Order, Defendant's motion (ECF No. 21) is denied.

BACKGROUND

On May 25, 2016, Defendant, a convicted felon, walked into the Circle K convenience store on Wynnton Road in Columbus, Georgia, pulled out a firearm, threatened the cashier with the firearm, demanded money, and fled with the stolen cash. Two days later, he did it again—this time at the Circle K on Veterans Parkway in Columbus.

Defendant was indicted for two counts of interference with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 ("Hobbs Act robbery"), two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment, ECF No. 1. Defendant moved to dismiss the two § 924(c) counts, arguing that Hobbs Act robbery is not a "crime of violence" under recent Supreme Court precedent including *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Descamps v. United States*, 133 S. Ct. 2276 (2013). *See* Def.'s Mot. to Dismiss Counts Two and Four of the Indictment 4 & n.1, 11 & n.30, ECF No. 21.

The Government subsequently filed a superseding information in which it charged Defendant with the same two counts of Hobbs Act robbery but only one count of possession of a firearm in furtherance of a crime of violence (predicated on the May 27, 2016 Circle K robbery) and one count of possession of a firearm by a convicted felon. *See* Superseding Information, ECF No. 25. Defendant waived his right to be indicted by a grand jury and renewed his motion to dismiss the § 924(c) possession of a firearm in furtherance of a crime of violence count. The Court denied Defendant's motion orally from the bench. The Defendant then pled guilty to each of the four counts in the superseding

information while reserving his right to appeal the Court's denial of his motion to dismiss the § 924(c) count. This Order explains the Court's rationale for denying Defendant's motion to dismiss that count.

DISCUSSION

I. The Hobbs Act and 18 U.S.C. § 924(c)(1)(A)(i).

The Hobbs Act makes it a federal crime to "obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce . . . by robbery." 18 U.S.C. § 1951(a). "Robbery" is "the unlawful taking or obtaining of personal property from the person . . . against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession." § 1951(b)(1). The statutory penalty for Hobbs Act robbery is a fine and a prison sentence not to exceed 20 years. § 1951(a).

Congress has also mandated that "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i).

The Government has charged the Defendant with two counts of Hobbs Act robbery—one for the May 25 robbery and one for the May 27 robbery. In addition, the Government contends that the May 27 Hobbs Act robbery was a "crime of violence" and that Defendant used or carried a firearm in furtherance of that robbery, thus subjecting Defendant to the consecutive minimum mandatory five year prison sentence pursuant to § 924(c)(1)(A)(i).  Superseding Information 2-3.  Defendant argues that Hobbs Act robbery is not a "crime of violence" for § 924(c) purposes, and therefore, that this charge must be dismissed.

For purposes of § 924(c), "crime of violence" means an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the 'use-of-force clause'], or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the 'risk-of-force clause']."  § 924(c)(3)(A & B).  The question presented by Defendant's motion to dismiss is whether the Hobbs Act robbery with which Defendant is charged is a "crime of violence" under either the use-of-force clause or the risk-of-force clause.

4

II. <u>Hobbs Act Robbery is Categorically a Crime of Violence.</u>

Defendant maintains that the Court must use the "categorical approach" in determining whether Hobbs Act robbery is a crime of violence. *See Taylor v. United States*, 495 U.S. 575, 600 (1990) (adopting "categorical approach" for enhancement purposes under the Armed Career Criminal Act). Under that approach, the Court ignores the Defendant's actual alleged criminal conduct and instead must determine whether the offense of Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force.[1] To obtain a conviction for Hobbs Act robbery, the Government must prove that the Defendant (1) took personal property belonging to someone else; (2) that he did so against the will of the person from whom he took the property; (3) that to take the property he used actual force, threatened force, violence, or fear of immediate or future injury to the victim's person or property or property in the victim's custody or control; and (4) that the robbery obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce. 18 U.S.C. § 1951(a) & (b)(1). The Court finds that these elements of Hobbs Act robbery include as an element the use, attempted use, or threatened use of

---

[1] The Supreme Court has also authorized a "modified categorical approach" that allows the Court to examine additional items such as indictments and jury instructions in determining whether a particular defendant's prior convictions were violent felonies. *See Descamps*, 133 S. Ct. at 2283-84 (describing approach needed when offense of prior conviction can be proven with alternative elements).

5

physical force against the person or property of another. Thus, Hobbs Act robbery is a crime of violence for § 924(c) purposes.

Defendant's counsel argues that the physical force necessary to make a crime a crime of violence for § 924(c) purposes is force which is capable of causing physical pain or injury to another person, relying on *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). He then posits that Hobbs Act robbery can hypothetically be committed without the use of such force, and thus under the categorical approach, Hobbs Act robbery can never be a crime of violence for § 924(c) purposes. At the hearing on Defendant's motion, counsel for Defendant provided an example of how Hobbs Act robbery could be accomplished by putting someone in fear of future injury to his person or property without the use of physical force. Counsel suggested that one could theoretically commit Hobbs Act robbery by notifying the owner of the convenience store that if the owner did not give him a free pack of peanut butter crackers and a Coca-Cola, he would picket the store and encourage a boycott.

In a recent *en banc* decision, the Eleventh Circuit addressed and rejected the approach advocated by Defendant's counsel. In *United States v. Vail-Bailon*, No. 15-10351, 2017 WL 3667647, at *10 (11th Cir. Aug. 25, 2017) (en banc), the Court explained that the categorical approach does not contemplate that courts must entertain every creative hypothetical posed by

counsel. *Id.* (declining counsel's "invitation to apply 'legal imagination' to the statute" (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013))). To support its rationale, the Eleventh Circuit cited approvingly to the Second Circuit's decision in *United States v. Hill*, 832 F.3d 135, 141 (2d Cir. 2016). In that case, the Second Circuit applied the categorical approach to Hobbs Act robbery and held that it is a crime of violence for § 924(c) purposes. The Second Circuit rejected counsel's crazy hypotheticals, including the suggestion that one could be guilty of Hobbs Act robbery by pouring chocolate syrup on the victim's passport. As explained by the Second Circuit in *Hill,* the possibility that a court would apply the statute to such conduct must at least be a realistic one.

Although the Eleventh Circuit's recent *en banc* decision in *Vail-Bailon* did not involve the application of § 924(c) to Hobbs Act robbery, its rationale is persuasive here. And its citation to the Second Circuit's decision in *Hill,* which addressed the exact issue presented here, is instructive. Moreover, the Court has located several Eleventh Circuit panel decisions involving petitions to file successive 28 U.S.C. § 2255 petitions in which the panels expressly stated that Hobbs Act robbery is a crime of violence for § 924(c) purposes. *See, e.g.*, *In re Gordon*, 827 F.3d 1289, 1294 (11th Cir. 2016); *In re Rodriguez*, No. 16-12964, slip op. at 6 (11th Cir June 16, 2016); *In re Fleur*, 824 F.3d

1337, 1340 (11th Cir. 2016); *see also In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (aiding and abetting a Hobbs Act robbery also qualifies). Based on the foregoing, the Court, using the categorical approach, finds that Hobbs Act robbery is a "crime of violence" for § 924(c) purposes.

III. <u>Defendant's Hobbs Act Robbery Conduct Amounts to a Crime of Violence.</u>

For purposes of today's ruling, the Court has assumed that it must apply the categorical approach. But the Court observes that it is not entirely clear that this approach should apply in the § 924(c) context, and if the categorical approach does not apply, it is clear that the Hobbs Act robbery charge against the Defendant *in this case* is a crime of violence. The Information describes the "crime of violence" as the Defendant's "unlawful[] obstruct[ion], delay and affect" on commerce by robbery. The Information further specifies:

> [T]he defendant did unlawfully take and obtain United States currency without consent from and in the presence of I.S., an employee of Circle K . . . , a business . . . operating in interstate commerce, by means of actual and threatened force, violence, and fear of injury, immediate and future, to I.S.'s person, to wit: by producing a Hi-Point, Model JCP, .40 caliber pistol . . . , demanding money from I.S., and threatening I.S. with said firearm; all in violation of [18 U.S.C. § 1951].

Superseding Information 2. It cannot be seriously disputed that if Defendant is convicted of the robbery for which he has been charged, then that robbery necessarily involved the use,

8

attempted use, or threatened use of physical force against the person or property of another. The Court cannot conceive of a more classic case of the use or threatened use of physical force than an old-fashioned stick-up.

Of course, the categorical approach prevents the Court from examining Defendant's offense conduct, and as the Court has held, Hobbs Act robbery is a crime of violence even under the categorical approach. But there are reasons that the categorical approach should not apply in the § 924(c) context. The categorical approach was created primarily in the context of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as judges struggled with determining how to enhance a defendant's prison sentence based on prior convictions for other crimes while protecting a defendant's jury trial and related Sixth Amendment rights. *See Taylor*, 495 U.S. at 601-02 (explaining constitutional difficulties presented by judges examining facts not necessarily found by a jury). Under the ACCA, a defendant, who is guilty of being a felon in possession of a firearm, and who "has three previous convictions . . . for a violent felony" shall be imprisoned for not less than 15 years. 18 U.S.C. § 924(e)(1). For purposes of the ACCA, "violent felony" means "any crime punishable by imprisonment for a term exceeding one year . . . that[] (i) has as an element the use, attempted use, or threatened use of physical force against the person of

9

another [the 'elements clause']; or (ii) is burglary, arson, or extortion . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another [the 'residual clause']." § 924(e)(2)(B)(i & ii).[2] In determining whether a past conviction qualifies as a violent felony for purposes of the ACCA, the courts have struggled with whether they may look at the conduct giving rise to the prior conviction or whether they must take a categorical approach, only looking at the essential elements of the previous conviction and determining whether proof of those elements meets the ACCA's different definitions of "violent felony." The Supreme Court has made it clear that the categorical approach must be used for ACCA purposes. *See, e.g.*, *Mathis v. United States*, 136 S. Ct. 2243, 2250–2251 (2016) (reversing enhancement where trial court failed to limit its consideration to the elements of the prior convicting offense). Thus, in the context of whether a prior conviction qualifies as a violent felony under the elements clause, courts must determine the essential elements of the prior conviction and determine whether that conviction had as an element the use, attempted use, or threatened use of physical force against the person of another. If it did not, then the

---

[2] The Supreme Court held that sentence enhancements pursuant to the residual clause violate the Constitution's guarantee of due process because the clause is unconstitutionally vague. *Samuel Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

conviction does not qualify as a violent felony for purposes of the ACCA.

Determining whether a defendant's conduct in a § 924(c) case such as this one constitutes the use or possession of a firearm in furtherance of a crime of violence is fundamentally different than determining whether a prior unrelated conviction is a violent felony for sentence enhancement purposes. For sentence enhancements based on prior convictions, Sixth Amendment concerns emerge when the judge decides whether a prior conviction authorizes the enhancement of someone's sentence. To avoid such constitutional concerns, the Supreme Court has constructed an elaborate analytical framework that cabins a judge's decision-making, essentially limiting the determination to the fact of conviction and not allowing consideration of the conduct giving rise to the conviction. Such limitations are neither required by the language of § 924(c) nor necessary to protect a defendant's Sixth Amendment rights in the § 924(c) context.

The statutory language of § 924(c) distinguishes it from the ACCA. Section 924(c) punishes conduct instead of simply increasing a sentence based on the fact of a prior conviction. It makes it a crime for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."

Thus, the consequential, or triggering, fact for purposes of that section is the defendant's conduct of possessing or using a gun to further a crime of violence. In contrast, the consequential fact for purposes of ACCA enhancement is that the defendant "*has* three previous convictions," *not* the conduct underlying those convictions. § 924(e)(1); *see also Samuel Johnson*, 135 S. Ct. at 2562 (highlighting Congress's choice to enhance sentences for defendants with three previous convictions, not defendants *who committed three violent felonies*). The Court in *Samuel Johnson* also reiterated "the utter impracticability [in the ACCA context] of requiring a sentencing court to reconstruct, long after the original conviction, the conduct underlying that conviction." *Samuel Johnson*, 135 S. Ct. at 2562. The Court thus concluded that "'[t]he only plausible interpretation' of the law . . . requires use of the categorical approach." *Id.* (quoting *Taylor*, 495 U.S. at 602). Not so for § 924(c). Section 924(c) is different. It focuses on the conduct of the defendant for which the defendant is on trial. Consequently, the practical problems that exist with judge fact-finding regarding prior convictions do not exist. In fact, the defendant's conduct that gives rise to the "crime of violence" for § 924(c) purposes is the very same conduct that forms the basis for the underlying substantive charge against him. Unlike the ACCA, use of the categorical

12

approach for § 924(c) purposes is *not* the only plausible interpretation of the law.

It is difficult to imagine that Congress did not intend for § 924(c) to apply to a case where someone sticks a gun in a cashier's face and demands money. To ignore the defendant's conduct in making the determination whether he used the gun in furtherance of a crime of violence is tantamount to extending the categorical approach to an absurd conclusion. There is no magic to these approaches. They are tools for statutory construction. They arose, in part, out of sensitivity to judges venturing where only juries should. They were never intended to be used to reach a conclusion that is clearly contrary to the plain language of the statute, particularly when the Sixth Amendment concerns do not exist. Moreover, if there are Sixth Amendment concerns with a judge deciding as a matter of law whether certain conduct is a crime of violence, it would seem that allowing the jury to make that determination for § 924(c) purposes would be far preferable than exempting certain conduct from the clearly intended application of a statute because of the over-extension of an inapt analytical categorical approach. Based on the foregoing, the Court finds that even if Hobbs Act robbery is not a crime of violence under the categorical approach, it is a crime of violence *in this case* under § 924(c)'s use-of-force clause.

IV. <u>Section 924(c)'s Risk-of-Force Clause</u>

The preceding analysis has focused on § 924(c)'s use-of-force clause. The Court also finds that Hobbs Act robbery is a crime of violence under § 924(c)'s risk-of-force clause. Section 924(c)'s risk-of-force clause defines a "crime of violence" as an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The elements of Hobbs Act robbery by their nature involve a substantial risk that physical force will be used in the course of committing the robbery. While a creative advocate could dream up far-fetched hypotheticals where such force may theoretically be absent, the Court finds such examples unlikely to appear in an indictment in federal court. Therefore, under the categorical approach, Hobbs Act robbery is a crime of violence under the risk-of-force clause. Moreover, if the categorical approach is not applicable in this context for the reasons explained previously in this Order, it is clear that the crime with which this Defendant is charged involved a substantial risk of physical force.

The Court rejects Defendant's argument that the risk-of-force clause is unconstitutionally vague under *Samuel Johnson*. *See Ovalles v. United States*, 861 F.3d 1257, 1265 (11th Cir. 2017) (joining with Second, Sixth, and Eighth Circuits and

14

holding that the risk-of-force clause is not unconstitutionally vague). The Supreme Court in *Samuel Johnson* expressly rejected the contention that its holding regarding the ACCA's residual clause placed in constitutional jeopardy other statutes that contain a risk-of-force-type standard. As explained by the Court, applying such standards in the context of evaluating past criminal convictions using a categorical approach is a far different exercise than applying such standards to actual criminal conduct. "As a general matter," the Court said, "we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real world conduct." *Samuel Johnson*, 135 S. Ct. at 2561. Defendant's argument that § 924(c)'s risk-of-force clause is unconstitutional lacks merit, and the Court finds that Hobbs Act robbery, using either the categorical approach or focusing on Defendant's conduct in this case, is a crime of violence under § 924(c)'s risk-of-force clause

CONCLUSION

Assuming that the categorical approach applies here, the Court finds that Hobbs Act robbery is a crime of violence for § 924(c) purposes. If the categorical approach does not apply and the Court is permitted to evaluate the alleged offense conduct, the Court reaches the same conclusion, except the Court would leave the door open as to whether the jury should make the

ultimate determination instead of the judge. For all of these reasons, Defendant's motion to dismiss count three of the superseding information is denied.[3]

IT IS SO ORDERED, this 31st day of August, 2017.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA

---

[3] When exceptions to fundamental rights are created, unintended consequences often result. Such is the case with our sentence enhancement jurisprudence. Although it is well established that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum" is an element of a crime and therefore, "must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court has recognized an exception for the "fact of a prior conviction." *Id.* (refusing to overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). This exception has created confusion as evidenced by the Supreme Court's numerous attempts to develop a proper approach for a judge to use when deciding whether a prior conviction should be considered for the enhancement of a sentence. *See, e.g.*, *Mathis*, 136 S. Ct. 2243 and *Descamps*, 133 S. Ct. 2276 (the Supreme Court's most recent attempts to educate district judges on the "categorical" and "modified-categorical" approaches). These recent decisions have generated a cottage industry of sentence enhancement litigation by creative and zealous defense attorneys. While it is certainly beyond the undersigned's pay grade, perhaps a reconsideration of *Almendarez-Torres*, which has been suggested by at least one Supreme Court Justice, *see Mathis*, 136 S. Ct. at 2258–59 (Thomas, J., concurring) and *Descamps*, 133 S. Ct. at 2294–95 (Thomas, J., concurring in judgment), is actually the solution that shows fidelity to Congress's legislative intent while protecting an accused's rights under the Constitution.